John White, Esq., Bar #1741
White Law Chartered
335 West First St.
Reno, NV 89503
775-322-8000
FAX: 775-322-1228
john@whitelawchartered.com
Attorney for Roger Pierre Baylocq, Debtor in Possession

E-file on June 1, 2010

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

ROGER PIERRE BAYLOCQ.

Debtor in Possession
_____/

CASE NO.: BK-N-10-51372-gwz

Chapter 11

MOTION FOR LEAVE TO REVOKE
DEBTOR'S LIVING TRUST

Hearing Date: August 23, 2010
Hearing Time: 2:00 p.m.
Est. Time:  30 minutes

COMES NOW the Debtor in Possession in this individual Chapter 11 Case, who seeks leave of this Court to revoke the Roger Baylocq Living Trust, dated May 31, 2006 ("Trust"), more particularly described in the Debtor's Declaration in support of this Motion, filed separately herewith ("Declaration").

In support of this Motion, Debtor relies upon the Bankruptcy Code, 11 U.S.C. Sec. 541 thereof, the Trust, the Declaration and the below Points and Authorities.

Dated June 1, 2010

WHITE LAW CHARTERED

_____
John White, Esq.

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

1

## POINTS AND AUTHORITIES

### FACTS:

The voluntary petition in this case was filed on April 15, 2010. On April 29, 2010, Debtor filed schedules that have since been amended. Ownership of most of the property listed on those amended schedules is in the Trust. See Debtor's Declaration in support of the Motion, filed herewith.

### ARGUMENT:

Page 13 (Article VII) of the Trust allows the Trustor to revoke and provides that in such event the trustee shall deliver the assets to the Trustor. Debtor is the Trustor/Settlor. Debtor desires to revoke the Trust. This Motion is brought as revocation may require prior bankruptcy court approval. As it stands now, the status of the Trust property as property of this estate is unclear. See 11 USC Sec. 541 and *In re Moffat*, 107 BR 255 (Bankruptcy Court, CD California 1989). According to *Moffat*, the Bankruptcy Trustee has discretion to revoke a Debtor's living trust. *Moffat,* 107 BR 260.

However, before the Debtor can exercise that discretion, the Bankruptcy Court may have to determine that the revocation will not harm the estate. Though the question facing this Court in *In re Silver State Hospitality,* Case BK08-51991-gwz (Findings of Fact, Conclusions of Law, filed December 2, 2008) was whether the Debtor could convey property held in a revocable trust to the estate without court approval rather than, as here, whether the Debtor can just revoke his living trust, post-petition, the issues are significantly the same as, procedurally, the normal practice is to have the Trustor, before revoking, convey the property out to himself (so as to avoid chain-of-title problems).

In *Silver State,* (Conclusion 2, page 4) this Court held:

> The post-petition transfer of the Real Property to Debtor via the Quitclaim Deed from the Carson Family Trust, as Grantor, to Debtor, as Grantee, without court approval and outside

2

the ordinary course of Debtor's business is an invalid and ineffective transfer and is not recognized by this Court.

In *Silver State*, the Court was concerned that the property transferred had no equity and was heavily encumbered. This is not true here. The main asset of this estate, value-wise, as shown by the Schedules, is the Gateway Inn, 1275 Stardust, Reno, NV. The Gateway Inn is owned by EasyMark, LLC and the Trust owns 50% of Easymark. The Schedules show that this 50% interest has a value of approximately $450,000, over and above secured debt. See Debtor's Declaration, filed herewith.

Revoking the Trust will firmly put this and the other Trust assets into this Estate. The recently concluded 341 meeting of creditors gave notice that Debtor is living at the Gateway Inn and that his sole source of income at this time is his monthly draw from the Gateway Inn. Having the ownership interest in all the foregoing properties owned by this Debtor will simplify the issues in this case and afford this Trust property the clear benefit of the automatic stay.

Respectfully Submitted this 1st day of June, 2010.

WHITE LAW CHARTERED

John White, Esq.

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228