Christopher D. Jaime, Esq., Nev. Bar #4640
Maupin, Cox & LeGoy
4785 Caughlin Parkway
P.O. Box 30000
Reno, Nevada 89520
Telephone: (775) 827-2000
Fax: (775) 827-2185
E-mail: cjaime@mclrenolaw.com
Attorneys for Movants

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:

ROGER PIERRE BAYLOCQ,

Debtor.
_____/

Case No: BK-10-51372-gwz

Chapter 11

MOTION TO EXTEND TIME TO:
(1) DETERMINE DISCHARGEABILITY OF DEBT; AND (2) FILE PROOFS OF CLAIM

Hearing Date: September 1, 2010
Hearing Time: 2:00 p.m.

Harvest Time Foundation and Aspen Valley Christian Foundation ("Foundations") and Bert and Emma Van Komen ("Van Komens") (collectively, unless otherwise noted, "Movants") hereby move the Court for an order (i) extending the date by which they may (i) if necessary, file an action to determine the dischargeability of a debt; and (ii) extending their respective claims bar date. This motion is made pursuant to 11 U.S.C. § 523, FRBP 3003(c)(3), 4007(c), 9006(b)(1) and (3) and 9014, LR 9014, the papers on file herein, and any oral and/or written evidence that may come before the Court on any hearing on this matter. It is based on the following grounds:

1.      Movants are or may be creditors of Roger Baylocq ("Debtor"). The Debtor filed a petition for relief under Title 11, Chapter 11, U.S. Code, on April 15, 2010. No trustee has been

AUPIN, COX & LeGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

appointed and the Debtor continues to operate as a debtor and debtor in possession.

2. The standards for establishing a creditor's request for an extension of time to file a complaint objecting to the dischargeabilty of a particular debt are not clearly established in the applicable rules of bankruptcy procedure. Federal Rule of Bankurpty Procedure 4007(c) provides only that the deadline for the filing of a § 523 complaint may be extended "for cause" and that "[t]he motion shall be filed before the time has expired."[1] Federal Rule of Bankruptcy Procedure 3003(c)(2) also states that the court "for cause shown may extend the time within which proofs of claim or interest may be filed."

3. The bar date for filing a complaint to determine the dischargeability of a debt is July 23, 2010. Accordingly, this motion is timely under FRBP 4007(c). *See Anwiler v. Patchett*, 958 F.2d 925, 927 (9th Cir.), *cert. denied*, 596 U.S.882 (1992). This motion is also made prior to the expiration of the claims bar date of August 24, 2010, and, in that respect, is likewise timely under FRBP 3003(c)(3) and 9006(1). Cause for the requested extensions also exists. "Cause" is not defined and the determination is committed to the Court's discretion. *In re Rarhid*, 171 B.R. 94, 96 (N.D. Cal. 1994).

4. Movants' claims and potential claims arise out of and are based upon the sale of numerous parcels of real property located in Fallon, Nevada, involve pre-petition state court

---

[1] In relevant part, FRBP 4007(c) states as follows:
[A] complaint to determine the dischargeability of any debt pursuant to § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

litigation and may involve transfers to or among other entities owned and/or controlled by the Debtor as was disclosed by the Debtor during the § 341 meeting. The undersigned has obtained and reviewed, and is still in the process of obtaining and reviewing, documents that pertain to Movants' claims and potential claims in this case. Additional documents and information may be under the exclusive control of the Debtor and may require either a subpoena or a Rule 2004 examination. Documents examined to date suggest that the Debtor may have claims improperly scheduled with respect to classification and amount. Discussions between the undersigned and the Movants also suggest, at least preliminarily, there may be a basis for the Court to declare the Movants' claims and/or potential claims nondischargeable under 11 U.S.C. § 523. Additional time, however, is required in order to fully investigate and determine the proper classification, amount and dischargeability of those claims and to ascertain whether further action, if any, with respect to those claim(s) is warranted.

5.   The extensions requested herein are not made in bad faith. *See In re Kellogg*, 41 B.R. 836, 838 (Bankr. W.D. Okl. 1984) ("[E]xtensions should be granted liberally absent a clear showing of bad faith[.]"). The extensions requested herein will also neither prejudice the Debtor nor adversely affect the administration of this case. This case has not yet progressed to the point where the Debtor has filed a disclosure statement or proposed plan. In fact, in order to prepare a disclosure statement that meets the requirements of § 1125 and a plan that satisfies the confirmation requirements of § 1129 the Debtor will need to resolve issues regarding Movants' claims and potential claims including, but not limited to, the existence, amount and proper classification of those claims. The extensions requested herein will facilitate the discovery and development of that information. Granting the extensions requested herein will therefore benefit the estate insofar as it

may facilitate the informal resolution of claims issues and thereby potentially eliminate the need for objections at the disclosure statement and confirmation stage.

6.   Based on the foregoing, Movants respectfully request an order extending, by an additional ninety (90) days from their current deadlines, the date by which they must file any complaint to determine the dischargeability of a debt and their respective proof(s) of claim so that (i) the deadline to file and serve a complaint to determine the dischargeability of a debt shall be extended from July 23, 2010, to and including October 21, 2010, and (ii) the claims bar date shall be extended from August 24, 2010, to and including November 22, 2010.

Dated this 22nd day of July, 2010.

                MAUPIN, COX & LeGOY

                By: /s/_____
                    Christopher D. Jaime, Esq.
                    Attorneys for Movants

AUPIN, COX & LeGOY
ATTORNEYS AT LAW
P.O. BOX 30000
RENO, NEVADA 89520
(775) 827-2000

4.

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify under penalty of perjury that I am an employee of MAUPIN, COX & LeGOY, Attorneys at Law, and that on the date indicated below, I served the foregoing document(s) described as follows:

**MOTION TO EXTEND TIME TO: (1) DETERMINE DISCHARGEABILITY OF DEBT; AND (2) FILE PROOFS OF CLAIM**

on the party(s) set forth below by:

✓ Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage paid, following ordinary business practices, addressed as follows:

John White, Esq.
335 West First Street
Reno, NV 89503

Roger Pierre Baylocq
1275 Stardust Street
Reno, NV 89503

U.S. Trustee
300 Booth Street, Room 2129
Reno, Nevada 89509

✓ Electronic filing via the U.S. Bankruptcy Court CM/ECF filing system, to all those persons listed on the United States Bankruptcy Court ECF Confirmation Sheet.

DATED this 22nd day of July, 2010.

/s/ Karen Bernhardt
KAREN BERNHARDT