DANIEL G. BOGDEN                                           e-filed on 08/24/11
United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101
Telephone:      (702) 388-6336

ROLLIN G. THORLEY
Special Assistant United States Attorney
Nevada Bar No. 2339
110 North City Parkway, Suite 301
Las Vegas, NV 89106
E-mail:         rollin.g.thorley@irscounsel.treas.gov
Telephone:      (702) 868-5167 (direct line)
                (702) 868-5154 (office)
                (702) 868-5438 (fax)
                (702) 868-5440 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case. No. BK-N-10-51372-GWZ |
| ROGER PIERRE BAYLOCQ, | Chapter 11 |
| Debtor. | DATE: September 13, 2011<br>TIME: 2:00 PM |

UNITED STATES' OBJECTION TO CONFIRMATION OF
ROGER PIERRE BAYLOCQ'S MAY 31, 2011 PLAN OF REORGANIZATION

THE UNITED STATES OF AMERICA, on behalf of its agency, the Internal Revenue Service (the Service), hereby objects to confirmation of ROGER PIERRE BAYLOCQ'S MAY 31, 2011 PLAN OF REORGANIZATION (plan).  This objection is supported by the following points and authorities.

1.  The Service has filed a proof of claim asserting secured tax claims of $159,426.96 and unsecured priority tax claims of $403,386.05 (Claim 14-1).  The unsecured priority tax claims for tax years 2007, 2008, and 2009 were estimated due to the failure to file returns.  The returns have now been filed, but are under examination.  The Service's proof of claim has not yet been amended to reflect either the amounts reported by the debtor or any additional amounts determined by the Service.

2.  The plan fails to comply with the requirements of 11 U.S.C. § 1129(a)(1) in that it does not comply with other provisions of the Bankruptcy Code.  It violates other provisions of the Bankruptcy Code in the following respects:

- The plan does not provide a class for the Service's secured tax claims.  This violates the plan content requirements of 11 U.S.C. § 1123(a).  The plan includes the Service's secured tax claims in the same paragraph that provides for the Service's unsecured priority tax claims (plan at pp. 16-17).  The secured tax claims are a separate class of claims.

- The plan provides that:

    > Unless a taxing authority has filed a Claim against the Debtor within the bar date established therefor, no claim of such authority will be allowed against the Debtor on account of Claims against the Debtor, or for taxes, liabilities, interest, additions to tax or other charges arising out of the failure, if any, of the Debtor, an affiliate, or any other entity to have paid tax or to have filed any tax return (including, but not limited to, an income tax return or franchise tax return) in or for any prior year or arising out of an audit of any return for a period before the Petition Date.

- 2 -

(plan at p. 28)  The meaning of this provision is not clear. But, it seems to be an attempt to expand the discharge beyond the discharge provided for by 11 U.S.C. § 1141(d). Under 11 U.S.C. § 1141(d)(2), the debtor cannot receive a discharge for any debtor excepted from discharge under 11 U.S.C. § 523.  Under 11 U.S.C. § 523, certain taxes are excepted from discharge "whether or not a claim for such tax was filed or allowed."  11 U.S.C. § 523(a)(1)(A).

- The plan also provides that:

    > Amendments to Claims after the Confirmation Date are barred upon entry of the Confirmation Order.

    (plan at p. 29)  This appears to be an attempt to fix allowed claims by the terms of a plan rather than through the claim determination process.  The proper method for determining the allowed amounts of claims is through the objection to claim process, not through a provision in a plan.  11 U.S.C. § 502(a); *In re Barbier*, 77 B.R. 799, 799-800 (Bankr. D. Nev. 1987), *rev'd on other grounds*, *United States v. Barbier*, 896 F.2d 377 (9th Cir. 1990).

- The plan also provides for an injunction from and after the Effective Date (plan at pp. 32-33).  The terms of this postconfirmation injunction are inconsistent with the provisions of 11 U.S.C. § 1141 concerning the effect of confirmation.  Moreover, such injunctions even if allowable with respect to other creditors are barred with respect to Service by the Anti-Injunction Act.  *American Bicycle Ass'n*

    *v. United States (In re American Bicycle Ass'n)*, 895 F.2d 1277 (9th Cir. Ariz. 1990).

- The plan also provides for revesting of assets in the debtor free and clear of all claims and interests of creditors (plan at p. 36). This provision is contrary to 11 U.S.C. § 1141(c), which expressly provides an exception for debts excepted from discharge under 11 U.S.C. § 1141(d)(2).

3. The plan fails to comply with the requirements of 11 U.S.C. § 1129(a)(9)(C) concerning unsecured priority tax claims in the following respects:

- The period of deferred payments under the plan exceeds the period allowed by statute. The plan provides for payments over 60 months beginning on the effective date (plan at pp. 16-17). The statute requires that the period not exceed "5 years after the date of the order for relief." 11 U.S.C. § 1129(a)(9)(C)(ii). In this case, the order for relief occurred on the petition date, April 15, 2010. 11 U.S.C. § 301(b). Thus, less than four years remains for deferred payment of the unsecured priority tax claims.

4. The plan fails to comply with the requirements of 11 U.S.C. § 1129(a)(9)(D) concerning secured tax claims in the following respects:

- The period of deferred payments under the plan exceeds the period allowed by statute. The plan provides for payments over 60 months beginning on the effective date (plan at pp. 16-17). The statute requires that secured tax claims be

1    paid over the same period as the unsecured priority tax
2    claims.  11 U.S.C. § 1129(a)(9)(D).  Thus, less than four
3    years remains for deferred payment of the secured tax
4    claims.

5        5.   The plan fails to comply with the requirements of 11
6 U.S.C. § 1129(a)(11) in that it is not feasible—the proposed
7 payments are inadequate to meet the required treatment of claims.

8        6.   The plan fails to comply with the requirements of 11
9 U.S.C. § 1129(a)(15) in that the debtor has not committed all his
10 disposable income over the initial 5-year period of payments
11 under the plan.  After the BAPCPA amendments, an individual
12 chapter 11 debtor must either pay all unsecured claims in full,
13 or devote all his disposable income over the next 5 years to
14 unsecured creditors.  11 U.S.C. § 1129(a)(15).  This requirement
15 is further supported by 11 U.S.C. § 1115 (classifying all
16 postpetition earnings and after-acquired property as a property
17 of the bankruptcy estate until "…the case is closed, dismissed or
18 converted…") and 11 U.S.C. § 1123(a)(8) (requiring an individual
19 chapter 11 debtor to fund the plan with "all or such portion of
20 earnings from personal services … or other future income of the
21 debtor as is necessary for the execution of the plan").

1  WHEREFORE, the United States requests that the court deny
2  confirmation of ROGER PIERRE BAYLOCQ'S MAY 31, 2011 PLAN OF
3  REORGANIZATION.

            DANIEL G. BOGDEN
            United States Attorney

Date:    August 24, 2011    By:  /s/ Rollin G. Thorley
                                 ROLLIN G. THORLEY
                                 Special Assistant
                                 United States Attorney

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the following parties are listed as Filing Users who will receive notice of the foregoing document by electronic transmission of a Notice of Filing. If the following parties are not listed on a Notice of Electronic Filing, a separate certificate will be filed indicating the form of service on such parties:

       JOHN WHITE, Counsel for the debtor
       OFFICE OF THE UNITED STATES TRUSTEE

Dated: <u>August 24, 2011</u>

                                      /s/ Rollin Thorley__