Michael W. Chen, Esquire
Nevada Bar No. 7307
THE COOPER CASTLE LAW FIRM
A Multi-Jurisdictional Law Firm
820 South Valley View Blvd.
Las Vegas, NV 89107
(702) 435-4175/(702) 435 4181 (facsimile)
Loan No. ******5907/ Our File No. 10-06-6997

Attorney for Secured Creditor
US Bank National Assoc. as trustee for JP ALT 2006-S1, c/o SunTrust Mortgage, Inc. as servicer

**ECF FILED ON:**

**SEP 27 2011**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

Roger Pierre Baylocq,

Debtor(s)

CHAPTER 11
BANKRUPTCY NO.: 10-51372-GWZ
DATE:
TIME:

### STIPULATION FOR TREATMENT OF CLAIM OF US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR JP ALT 2006-S1, C/O SUNTRUST MORTGAGE, INC. AS SERVICER AND MODIFICATION OF PLAN OF REORGANIZATION

THIS MATTER HAVING been negotiated in good faith as between the parties, Michael W. Chen, Esq. of THE COOPER CASTLE LAW FIRM attorneys of record for Secured Creditor US Bank National Assoc. as trustee for JP ALT 2006-S1, c/o SunTrust Mortgage, Inc. as servicer, and the Debtor in Possession Roger Pierre Baylocq, appearing through John White, Esq. of the law offices of White Law Chartered, and this Court being fully advised on the premises, and good cause appearing;

IT IS HEREBY STIPULATED, AGREED AND ORDERED that pursuant to parties' settlement of the title dispute over the subject real property known as 2370 Del Monte Lane, Reno, NV 89511 dated August 26, 2011, in which the parties herein agree to restore title of said property to the Debtor in Possession, reinstate the deed of trust/promissory note obligation encumbering said property dated October 25, 2005 (as document no. 3299679, recorded October 31, 2005), to reinstate the Proof of Claim dated June 11, 2010 (claims register no. 16-1) filed by SunTrust Mortgage, Inc., and further stipulate to the modification of the Debtors' proposed Plan of

Reorganization (to the extent necessary) to accommodate and pay upon secured creditor's reinstated claim in the following fashion: The parties agree to a consensual secured claim amount of $675,000.00 to US Bank National/SunTrust Mortgage, Inc., to be paid over 30 years at an annual interest rate of 5.0%. The payment each month is the amount of $3,623.55, commencing on the first day of the first full month following the effective date of the confirmed Chapter 11 Plan of Reorganization, and continuing thereafter on the first day of each month for the next consecutive 360 months. Payments are due on the 1st day of each month. There shall be a contractual "grace period" of fifteen (15) days for late payments pursuant to the promissory note. Said payments shall be made directly to US Bank National Association, as trustee, c/o SunTrust Mortgage, Inc. 1001 Semmes Ave. Richmond, VA 23224 (or wherever further directed to by SunTrust Mortgage, Inc.). The balance of US Bank National Association's/SunTrust Mortgage, Inc.'s, claim (unsecured portion) will be paid along with all other general unsecured claimants in accordance with the confirmed Plan. The parties also agree to cooperate in regards to a continuing property insurance claim regarding the subject real property, and shall take whatever actions necessary to repair said property consummate the Chapter 11 Plan of Reorganization.. If not earlier endorsed, and subject to a concurrent stipulation for use of cash collateral if prior to confirmation herein, SunTrust Mortgage, Inc. shall endorse Travelers Insurance Check No. 144643355 in the amount of $24,714.12, payable to Roger Baylocq and SunTrust Mortgage, Inc., dated October 29, 2010 (or any substituted check issued by Travelers therefore), and returning it to Debtor on or before October 4, 2011 at 1275 Stardust St., Reno, NV 89503 by overnight mail service. SunTrust shall further endorse any other checks or payment vouchers Debtor receives from Travelers Insurance by reason of claims made or to be made by Debtor for winter storm damage suffered by the subject real property in December 2009 (currently Travelers File No. 292 FR HEL1921 E).

IT IS FURTHER STIPULATED, AGREED AND ORDERED that the Debtor must maintain current/adequate property insurance coverage (a furnish proof thereof to secured creditor) pursuant to the terms of the promissory note, and must also pay current all relevant property taxes on the subject real property. All other terms of the herein reinstated promissory note not otherwise modified by the Chapter 11 Plan of Reorganization shall be adopted and incorporated into the Plan.

IT IS FURTHER STIPULATED, AGREED AND ORDERED that in the event that the Debtor fails to comply with the monthly payments ordered above, or fails to maintain adequate property insurance or keep up property tax payments, Secured Creditor, its assignees and/or successors in interest, shall have all available remedies available to it pursuant to the terms of the promissory note, deed of trust and under federal and/or state law including, but not limited to forced place insurance, acceleration of the note, foreclosure of and holding a Trustee's Sale on the subject property, and commence any action necessary to obtain complete possession of the subject Property. No further notice to, or action of the Court, shall be required for Secured Creditor to exercise its remedies following confirmation of the Plan and implementation of same.

IT IS FURTHER STIPULATED, AGREED AND ORDERED that in the event the case dismisses or converts to a Chapter 7 proceeding, the Secured Creditor's claim will be fully reinstated, and any non-contractual payment arrangement based upon a modification of this claim through the former Chapter 11 Plan of Reorganization will be nullified and void. Secured Creditor will thereafter issue a written notice for the total arrears to include any and all amounts and accrued interest due under the promissory note that would have been paid and/or waived through the former Chapter 11 Plan, which Debtor will be given a ten (10) day period to cure. In the event Debtor fails to cure said arrears after the ten (10) day period has expired, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately extinguished for all purposes as to the Secured Creditor US Bank National Assoc. as trustee for JP ALT 2006-S1, c/o SunTrust Mortgage, Inc. as trustee, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's Sale on the subject property, pursuant to applicable state law, and commence any action necessary to obtain complete possession of the subject Property.

IT IS FURTHER STIPULATED, AGREED AND ORDERED that the parties shall take any and all actions necessary to implement the aforementioned terms of settlement and repayment of Secured Creditor's claim, and that the Debtors' Chapter 11 Plan is hereby modified (specifically to the claim of Secured Creditor) to include, ratify and adopt all of the terms stated herein and also adopts all collateral actions and subsequent agreements in furtherance of the same.

IT IS FURTHER STIPULATED, AGREED AND ORDERED that Secured Creditor will support and/or vote in favor of confirmation of the Debtors' Plan of Reorganization that incorporates the above terms.

Submitted by:

THE COOPER CASTLE LAW FIRM
A Multi-Jurisdictional Law Firm

By: /s/ Michael W. Chen          Date: 9-27-11
    Michael W. Chen, Esq.
    Attorney for Secured Creditor
    US Bank National Assoc. as trustee, c/o SunTrust Mortgage, Inc, as servicer

APPROVED/DISAPPROVED

By: _____ Date: 9-27-11
    John White, Esq.
    Attorney for Debtor in Possession
- 4 -