John White, Esq., SB #1741                                E-filed on January 11, 2013
335 West First Street
Reno, NV 89503
775-322-8000
775-322-1228 (fax)
john@whitelawchartered.com
Attorney for Revested Debtor, Roger Pierre Baylocq

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:                                                    CASE NO.: 10-51372
                                                          Chapter 11
ROGER PIERRE BAYLOCQ

**MOTION FOR SANCTIONS AGAINST SUNTRUST MORTGAGE, INC. AND U. S. BANK, N.A.**

Revested Debtor.

Hearing Date: Pending-OST
Hearing Time: Pending
Estimated Time: 45 minutes

_____/

**MOTION FOR SANCTIONS AGAINST SUNTRUST AND U.S. BANK**

COMES NOW Debtor, above-named, by Counsel, who seeks an order awarding him sanctions against SunTrust Mortgage Inc. and U.S. Bank National Association (herein together "Banks") for their failure to comply with this Court's Order Confirming Plan and this Court's Order on Motion to Compel, as follows:

1. Attorney fees and costs the amount of $1,600.00, as set forth in the SUPPLEMENTAL (DAMAGES) DECLARATION OF ROGER BAYLOCQ IN SUPPORT OF

1

MOTION TO COMPEL PERFORMANCE UNDER CONFIRMED PLAN (SUNTRUST) filed herein on December 18, 2012 (Docket 180) ("hereinafter, "Declaration"), plus such further attorney fees which have been reasonably incurred in the preparation and prosecution of his Motion for Sanctions, which further attorney fees and costs will be the subject of a Declaration of John White, to be filed before or after the hearing of this Motion;

    2. Compensatory damages in the amount of $3,000 ($2,000 for Debtor's rent, as set forth in the Declaration, plus $1,000 for the 7 hours spent trying to correct SunTrust's attack on Debtor's credit) and other costs[1] incurred by Debtor due to the Banks' failure to comply with said orders, which other costs will be the subject of a Second Supplemental Damages Declaration, to be filed before the hearing of this Motion;

    4. $10,000 in punitive damages, being an amount reasonably necessary to get the Banks to pay attention to the plight of Debtor for their failure to comply with this Court's orders; and

    5. $500 a day, beginning January 1, 2013, for each day the Banks fail to comply with this Court's Order on Motion to Compel.

    6. All fees, costs and damages should be awarded jointly and severally against both Banks.

---

[1] Such as U.S. Trustee quarterly fees that would not be payable were Debtor to obtain a Final Decree, something he cannot do until the Banks comply the Plan, as well as other damages such as fees Debtor has incurred with First Centennial Title Company.

2

In support of this Motion, Debtor relies upon 11 U.S.C. Section 105(a), the below Points and Authorities, the files and records in this Case, the Declaration of Gloria Grubic, filed separately herewith, and the to-be-filed supplemental damages declarations of John White and Roger Baylocq in support of this Motion.

Dated: January 11, 2013                     WHITE LAW CHARTERED

By: _____
John White, Esq.

## POINTS AND AUTHORITIES

**FACTS:**

This case was filed as a voluntary Chapter 11 case on April 15, 2010.

On June 11, 2010, Sun Trust Mortgage Inc filed Claim 16-1 herein, based on an October 25, 2005 note from Debtor with a then outstanding balance of $1,004,950.62, or more, identified by 5907 (last 4 digits), secured by Debtor's 2370 Delmonte Lane property, Reno, NV. The claim was filed by Michael W. Chen, Esq., of THE COOPER CASTLE LAW FIRM.

On February 22, 2011, U.S. Bank National Association as Trustee for JP ALT 2006-S1, also represented by THE COOPER CASTLE LAW FIRM, filed a Motion for Relief From Stay for the Purpose of Eviction (Docket 97), alleging that it owned 2370 Del Monte Lane, Reno, by reason of a pre-petition foreclosure.

3

On September 27, 2011, the parties entered into a STIPULATION FOR TREATMENT OF CLAIM OF US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR JP ALT 2006-S1, C/O SUNTRUST MORTGAGE, INC., AS SERVICER AND MODIFICATION OF PLAN OF REORGANIZATION, (Docket 147), herein the "Stipulation. The Stipulation was between

> ... the parties, Michael W. Chen, Esq. of THE COOPER CASTLE LAW FIRM attorneys of record for Secured Creditor US Bank National Assoc. as trustee for JP ALT 2006-S1, c/o SunTrust Mortgage, Inc. as servicer, and the Debtor in Possession Roger Pierre Baylocq appearing through John White, Esq. of the law offices of White Law Chartered,

and was signed by THE COOPER CASTLE LAW FIRM as "Attorney for Secured Creditor US Bank National Assoc. as trustee, c/o SunTrust Mortgage, Inc, as servicer" and John White for the Debtor in Possession.

Beginning on page 1 thereof, the Stipulation provided, among other things, that

> IT IS HEREBY STIPULATED, AGREED AND ORDERED that pursuant to parties' settlement of the title dispute over the subject real property known as 2370 Del Monte Lane, Reno, NV 89511 dated August 26, 2011, in which the parties herein agree to restore title of said property to the Debtor in Possession, reinstate the deed of trust/promissory note obligation encumbering said property dated October 25, 2005 (as document no. 3299679, recorded October 31, 2005), to reinstate the Proof of Claim dated June 11, 2010 (claims register no. 16-1) filed by SunTrust Mortgage, Inc., and further stipulate to the modification of the Debtors' proposed Plan of Reorganization (to the extent necessary) to accommodate and pay upon secured creditor's reinstated claim in the following fashion: The parties agree to a consensual secured claim amount of $675,000.00 to US Bank National/SunTrust Mortgage, Inc., to be paid over 30 years at an annual interest rate of 5.0%. The payment each month is the amount of $3,623.55, commencing on the first day of the first full month following the effective date of the confirmed Chapter 11 Plan of Reorganization, and continuing thereafter on the first day of

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG
335 W FIRST STREET
RENO, NV 89503

T (775) 322 8000
F (775) 322 1228

4

each month for the next consecutive 360 months. Payments are due on the 1st day of each month. There shall be a contractual "grace period" of fifteen (15) days for late payments pursuant to the promissory note. Said payments shall be made directly to US Bank National Association, as trustee, c/o SunTrust Mortgage, Inc. 1001 Semmes Ave. Richmond, VA 23224 (or wherever further directed by SunTrust Mortgage, Inc.) The balance of US Bank National Association's/SunTrust Mortgage, Inc.'s, claim (unsecured portion) will be paid along with all other general unsecured claimants in accordance with the confirmed Plan. ...

The Stipulation was approved by this Court on September 28, 2011 (Docket 149).

On April 9, 2012, this Court entered its Order Confirming The Roger Pierre Baylocq's May 31, 2011 Plan of Reorganization "Order Confirming Plan," (Docket 169), paragraph 2 of which required the deletion of

the existing language in Article IV C. Class 4 <u>Sun Trust Mortgage Company/US Bank National Association (Secured)</u> and substituting therefore the language contained in the STIPULATION FOR TREATMENT OF CLAIM OF US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR JP ALT 2006-S1, C/O SUNTRUST MORTGAGE, INC., AS SERVICER AND MODIFICATION OF PLAN OF REORGANIZATION, filed herein September 27, 2011 as Document No. 147.

Counsel for THE COOPER CASTLE LAW FIRM, signed off on the Order Confirming Plan as counsel for "U.S. Bank/SunTrust."

On or about May of 2012, Debtor opened an escrow with First Centennial Title Company, Reno NV (Gloria Grubic) for purposes of handling the transfer of 2370 Delmonte Lane. See Declaration of Gloria Grubic, separately filed herewith. See also the reference to First Centennial Title in Paragraph 6 of the Declaration of Roger Baylocq in support of Motion to Compel, filed herein August 20, 2012 (Docket 172). Ms. Grubic's

declaration shows that neither Bank has bothered to call her to date.

On August 20, 2012, some 11 months after the Stipulation was approved and over 4 months after the Plan was confirmed, Debtor filed his Motion to Compel Performance Under Confirmed Plan (SunTrust) (Docket 171) ("Motion to Compel") which motion sought an order "compelling US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR JP ALT 2006-S1, C/O SUNTRUST MORTGAGE, INC., as Servicer, ("SunTrust") to comply with the provisions of Article IV(C) of Debtor's plan or reorganization." The Motion to Compel also sought reasonable attorney fees and costs.

On December 14, 2012, a Response to Motion to Compel Performance Under Confirmed Plan (SunTrust) was filed by THE COOPER CASTLE LAW FIRM as "Attorneys for Secured Creditor SunTrust Mortgage, Inc.," which stated, among other things, that "SunTrust holds a security interest in the form of a first deed of trust on the property located at 2370 Del Monte Lane, Reno, NV. It is working to accomplish the conveyance of the subject property back into the name of the Debtor herein as set forth in the court order cited in Debtor' motion." No response was filed by U.S. Bank. One can reasonably assume from this that U.S. Bank and SunTrust must have decided between them to allow SunTrust to handle this matter.

On December 18, 2012, Debtor filed a Supplemental (Damages) Declaration, seeking a total of $14,600 in damages (including $10,000 in punitive damages) incurred

by reason of SunTrust's failure to comply with the Order Confirming Plan. In that Declaration, Debtor shows that on November 7, 2012, SunTrust had gone out of its way to disparage Debtor's credit with Experian Credit Reporting Agency even though it was SunTrust, not Debtor, who was at fault for the to-date-unsuccessful transfer of 2370 Delmonte.

The Motion to Compel came on for hearing on December 19, 2012 and on December 27, 2012, the Court entered an Order on Motion to Compel Performance Under Confirmed Plan (Docket 181), herein the "Order on Motion to Compel," incorporating the conclusions made on the record at the conclusion of the December 19 hearing. The Motion to Compel ordered SunTrust to comply with the Order Confirming Plan pertaining to 2370 Delmonte Lane on or before December 31, 2012, to promptly send retraction of all derogatory or negative credit information and authorized Debtor to call the Court's calendar clerk to bring the matter back for further hearing if necessary.

As of this writing (January 10, 2013), Debtor has received no notice that SunTrust has conveyed the 2370 Delmonte Lane to him. Nor has Debtor received any notice that SunTrust has withdrawn its disparaging comments about his creditworthiness.

Therefore Debtor seeks sanctions in the form of an order finding SunTrust in contempt of this Court's April 9, 2012 Order Confirming Plan and of its December 27, 2012 Order on Motion to Compel, and awarding damages. It is respectfully submitted

7

that any sanctions should be awarded joint and several against both SunTrust and U.S. Bank, since the Order Confirming Plan directs both Banks to comply with its terms and since the Motion to Compel seeks relief from the misconduct of "US Bank National Association, as Trustee for JP ALT 2006-S1, C/o Suntrust Mortgage, Inc. as Servicer, ("SunTrust")."

**ARGUMENT**

### 1. Debtor's request for compensatory damages (costs and attorney fees).

11 USC Section 105(a) provides:

> "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process".

The words of this statute are plain and clear and should need no construction. A bankruptcy court in this jurisdiction has recently considered this section:

> Bankruptcy courts have the power to impose civil contempt. See Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284–85 (9th Cir. 1996); Stasz v. Gonzalez (In re Stasz, 387 B.R. 271, 276 (B.A.P. 9th Cir. 2008); see also 11 U.S.C. § 105(a). In order to hold a party in contempt, the bankruptcy court must find that the party "'violated a specific and definite order of the court.'" Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191 (9th Cir. 2003) (citing Renwick v. Bennett (In re Bennett), 298 F.3d 1059, 1069 (9th Cir. 2002)). Substantial compliance with the court order is a defense to civil contempt. *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 891 (9th Cir.1982). "Technical or inadvertent violations of the order" are not fatal to a substantial compliance defense where the party "has taken `all reasonable steps' to comply with the court order...."*Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379

8

(9th Cir.1986).

*In re Smith,* 462 BR 783, 791, (Bktcy, D. Nev., 2011).

> "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court."*Bennett,* 298 F.3d at 1069. ...

*Knupfer v. Lindblade (In re Dyer),* 322 F.3d 1178, 1191 (9th Cir. 2003).

> In determining whether the contemnor violated the stay, the focus "is not on the subjective beliefs or intent of the contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *Hardy v. United States (In re Hardy),* 97 F.3d 1384, 1390 (11th Cir.1996) (internal citations omitted); *accord McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949) (Because civil contempt serves a remedial purpose, "it matters not with what intent the defendant did the prohibited act.").

*Knupfer v. Lindblade (In re Dyer), supra,* p 1191.

> In a civil contempt proceeding, the petitioning party bears the burden of establishing by "clear and convincing" proof that the underlying order was violated. However, once the moving party makes a prima facie showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a "present inability to comply that goes `beyond a mere assertion of inability....'" Therefore, the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue. Conduct that evinces substantial, but not complete, compliance with the court order may be excused if it was made as part of a good faith effort at compliance.

**Howard Johnson v Khimani,** 892 F.2d 1512,1516 (11th Cir. 1990). (Citations omitted).

If bad faith is required, it is clearly evident here. Almost a year and a half has passed since the Banks agreed, in September of 2011, to convey 2370 Delmonte to

9

Debtor. And its approaching 8 months since the Plan was confirmed. SunTrust claims to own the first deed of trust on the property. U.S. Bank, if it can be taken at its word (see its Motion for Relief From Stay for the Purpose of Eviction) has title. Both Banks signed off on the Plan. The Motion to Compel was brought against U.S. Bank National Association, as Trustee for JP ALT 2006-S1, ℅ Suntrust Mortgage, Inc. as Servicer ("SunTrust"). Though only SunTrust Mortgage, Inc. filed a Response, US Bank did not oppose the Motion to Compel. SunTrust and US Bank signed off on the Plan and THE COOPER CASTLE LAW FIRM, counsel of record for both Banks, was served with the Motion to Compel in August of 2012 (Docket 173). SunTrust has said it has been trying to comply with the Plan, without explaining why it agreed to the Plan if it could not perform. US Bank, also bound by the Plan, hasn't even bothered to say that much.

## 2. Debtor's request for a $10,000 sanction against the banks "to get their attention."

Though a bankruptcy court does not have the authority to award "serious" punitive damages, it does have authority and indeed must have authority to enforce its own orders. Else Section 105(a) is mere surplusage. A $10,000 sanction to get the Banks to pay attention to this Debtor's plight is not a serious punitive damage:

> Reaching the issue as one of first impression, we conclude that criminal contempt sanctions are not available under § 105(a). Section 105(a) contains no explicit grant of authority to award punitive damages. Rather, the language of § 105(a) authorizes only those remedies "necessary" to enforce the bankruptcy code. *Walls,* 276 F.3d at 507. The sanctions associated with civil contempt — that

10

is, compensatory damages, attorney fees, and the offending creditor's compliance — adequately meet that goal, *id.* at 507, rendering serious punitive sanctions unnecessary. *See also Sosne v. Reinert & Duree (In re Just Brakes Corp. Sys.),* 108 F.3d 881, 885 (8th Cir.1997) (holding that "the power to punish" through punitive sanctions extends beyond the remedial goals of § 105(a)); *Griffith v. Oles (In re Hipp),* 895 F.2d 1503, 1515-16 (5th Cir.1990) (same).

Although "relatively mild" non-compensatory fines may be necessary under some circumstances, *Zambrano v. Tustin,* 885 F.2d 1473, 1479 (9th Cir.1989); *Hanshaw,* 244 F.3d. at 1140 n. 10, the language of § 105(a) simply does not allow for the serious punitive penalties here assessed (a minimum of $50,000 and, under the trustee's theory, over $200,000). As we did in *Hanshaw,* we leave for another day the development of a precise definition of the term "serious" punitive (criminal) sanctions. *Id.* (citing cases and implying that any fine above $5,000, "at least in 1998 dollars," would be serious, but declining to reach the question). Our interpretation of the language of § 105(a) is reinforced by the fundamental due process considerations we discussed in *Hanshaw.* That case held that due process requires that an individual accused of criminal contempt receive several procedural protections, including a jury trial, before "serious criminal penalties" can be imposed. 244 F.3d at 1138 (citing *Bagwell,* 512 U.S. at 833, 114 S.Ct. 2552).

*Knupfer v. Lindblade (In re Dyer),* supra, at p 1193.

*Dyer's* holding, supra, was recently summarized by the BAP:

… a civil penalty is either compensatory or is designed to coerce compliance. To the extent that a penalty does not so operate, it is a criminal penalty or sanction.

***In re Lehtinen,*** 332 B.R. 404, 412 (BAP-9th cir. 2005).

**The Banks did not comply with this Court's Order Confirming Plan[2]. Neither Bank**

---

[2] In light of statistical data showing a high rate of plan failure, the record in this case allows for an educated guess, something more than mere speculation, as to the reason why these Banks are thumbing their nose at this Court. The original IRS claim (claim 14.1, filed 5-21-10) was for $562,813.01, ($159,426.96 secured and $403,385.05 priority). There was no way that Debtor would be able to pay that claim.....projected earnings did not so allow. Rather Debtor asserted that the IRS claim was substantially overstated and that it could pay the IRS, once the amount was corrected. On 10-24-12 following Debtor's administrative appeal, being a time after this court's orders approving the Stipulation and confirming the Plan, the IRS filed an amended claim (claim 14-2) in the amount of $159,426.96 ($159,426.96 secured and $0 priority), being an amount the Debtor can live with, particularly as carry-backs may further reduce the IRS secured claim. It is likely that the banks were

11

has complied with this Court's Order on Motion to Compel. There is no question but that 2370 Delmonte is necessary to the Plan. Clearly something else must be done to get these Banks to pay attention.

It is respectfully requested that this Motion be granted.

Dated: January 11, 2013                                WHITE LAW CHARTERED

                                                                         By: _____
                                                                         John White, Esq.

---

not participating in good faith when approving the Stipulation and Order Confirming Plan, but simply hoping that the issues raised by this Motion for Sanctions would be mooted by reason of Debtor's inability to perform under the plan. The Banks have lost this statistical bet.

12

## CERTIFICATE OF SERVICE

I hereby certify under penalty and pain of perjury that I am an employee of White Law Chartered and that on the date shown below, I served a true and correct copy of the following documents: MOTION FOR SANCTIONS AGAINST SUNTRUST MORTGAGE, INC. AND U. S. BANK, , N.A., as well as the Declaration of Grubic in the following manner:

☑ a. Via the Court's ECF System to:

Kathryn S. Armstrong karmstrong@ag.nv.gov, ldeming@ag.nv.gov

Leo P. Bergin          lbergin@mcdonaldcarano.com

Michael W. Chen        yvette@ccfirm.com; mrosales@ccfirm.com; rdesimone@ccfirm.com; jcraig@ccfirm.com; jessica@ccfirm.com;

Charles Kennon         ckennon@ccfirm.com

Richard G. Hill        greccelle@richardhillaw.com,cdetlie@richardhillaw.com

Christopher D. Jaime   cjaime@mclrenolaw.com,kbernhardt@mclrenolaw.com

Rollin G. Thorley      rollin.g.thorley@irscounsel.treas.gov

Susan Ball Rothe rothes@reno.gov, DieefenbachJ@reno.gov

Amy N. Tirre amy@amytirrelaw.com

U.S. Trustee -RN-11          USTPRegion17.RE.ECF@usdoj.gov

JOHN WHITE Bankruptcy@whitelawchartered.com, john@whitelawcharterd.com

☑ Via United States mail, postage prepaid, by enclosing a true and correct copy of the above document(s) in a sealed envelope and depositing the same on the date shown below, into the U.S. Post Office, Reno, NV to:

The Cooper Castle Law Firm
Attention: Charles L. Kennon, III, Esq./
Michael W. Chen, Esq.
820 South Valley View Blvd.
Las Vegas, NV 89107

Dated: January 11, 2013.

*/s/ Tami Buchan/*
Tami Buchan