ECF FILED ON January 25, 2013

Charles L. Kennon, III, Esq.
Nevada Bar No. 7772
THE COOPER CASTLE LAW FIRM
A Multi-Jurisdictional Law Firm
5275 S. Durango Drive
Las Vegas, NV 89113
(702) 435-4175/(702) 259-6560 (facsimile)
ckennon@ccfirm.com
Loan No.  ******5907 / Our File No. 10-06-6997-NV

Attorney for Secured Creditor SunTrust Mortgage Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:
    ROGER PIERRE BAYLOCQ

    Debtor(s)

CHAPTER 11
BANKRUPTCY NO.: 10-51372-GWZ
DATE: Jan. 28, 2013
TIME: 2:00 PM

## RESPONSE TO MOTION FOR SANCTIONS AGAINST SUNTRUST MORTGAGE, INC. AND U. S. BANK, N.A.

.    SunTrust Mortgage Inc. is a Secured Creditor in the above-entitled bankruptcy proceeding and hereby submits the following Response to the Debtor's Motion for Sanctions Against SunTrust Mortgage, Inc. and U. S. Bank, N.A., and states as follows:

1.    SunTrust holds a security interest in the form of a first deed of trust on the property located at 2370 Del Monte Lane, Reno, NV 89511. It is working to accomplish the conveyance of the subject property back into the name of Debtor herein as set forth in the court order cited in Debtor's Motion. The necessary quitclaim deed has been executed and the property will be deeded to the Debtor by recordation of the same.

2.    Prior to recordation of the deed transferring the subject property back to the Debtor several steps must be taken to ensure that there are no issues with title to the property. Those steps include recording the order of this Court entered on September 28, 2011 (docket number 149) that approved the Stipulation for treatment of this claim entered on September 27, 2011 (docket number 147).

- 1 -

Rescission of the Notice of Default recorded pursuant to the foreclosure upon the property and the Trustee's Deed upon Sale following the foreclosure must also be recorded prior to the recordation of the deed conveying the property back to the Debtor.

3. When the property is conveyed back to the Debtor the second lien of Wells Fargo (heretofore scheduled as an unsecured claim) and liens of the Internal Revenue Service may be revived. Debtor's Chapter 11 plan will likely need to be amended to address those. To that end, SunTrust respectfully requests that the Order of this Court resolving this Motion also state that the priority positions of the first, second, and tax liens will be as they were prior to the foreclosure sale.

4. SunTrust has not engaged in willful disobedience or deliberate delay in implementing the orders of this court. Certain of the damages sought by Debtor in connection with this Motion are improper. These include the "$1,000.00 for the 7 hours spent trying to correct SunTrust's attack on Debtor's credit." There is no basis for the allegation that SunTrust "had gone out of its way to disparage Debtor's credit." Time allegedly spent by the Debtor regarding his efforts in that matter is both unaccounted for and not quantifiable as to cost. This is something for which the defendants in this matter should not be liable. At the least no damages for any alleged damage or defamation of credit should be awarded without an evidentiary hearing.

5. The defendants to this Motion assert that the requested punitive sanctions of $10,000.00 as originally sought plus an additional $500.00 per day until title is conveyed to Debtor are serious enough to amount to being unduly punitive. Rather, as noted in *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1193 (9th Cir. 2003), the language of Section 105(a) of the Bankruptcy Code does not allow for the assessment of "serious punitive penalties." Admittedly there is no precise definition of "serious" as opposed to sufficient or "mild" penalties, but the sum sought by Debtor is overly punitive. Footnote 2 in Debtor's instant Motion is perhaps indicative of the mindset that motivated the debtor to seek such a steep penalty. There is utterly no basis for the assertion that the banks were playing the odds that the Debtor would not be able to comply with the plan. To say that

- 2 -

the banks were "likely" not participating in good faith in the confirmation process and secretly hoping that the plan would fail is an unwarranted assumption at best. The statistical odds regarding the success rate for debtors in the reorganization chapters of the Bankruptcy Code are not only beyond the control of creditors but also irrelevant in any request for monetary sanctions in this case. If the Court is inclined to award reasonable attorney fees the SunTrust should be afforded the opportunity to review the fees for reasonableness.

WHEREFORE, Secured Creditor prays as follows:

(1) Debtor's Motion for Sanctions Against SunTrust Mortgage, Inc. and U. S. Bank, N.A. be denied;

(2) For any and all other relief that this Court deems appropriate.

/s/ Charles L. Kennon III
Charles L. Kennon, III, Esq.
Nevada Bar No. 7772
5275 S. Durango Drive
Las Vegas, NV 89113
Attorneys for Secured Creditor
**SunTrust Mortgage Inc.**

- 3 -

**CERTIFICATE OF SERVICE**

The undersigned hereby declares and certifies that on January 25, 2013, a copy of the Secured Creditors RESPONSE TO MOTION TO COMPEL PERFORMANCE UNDER CONFIRMED PLAN was served on the parties through the following means:

**Electronically mailed to:**

| COUNSEL FOR DEBTOR(S) | TRUSTEE |
|---|---|
| JOHN WHITE, ESQ. | U.S. TRUSTEE-LV-11 |
| bankruptcy@whitelawchartered.com | USTPRegion17.lv.ecf@usdoj.gov |

**Depositing a copy in the United States Mail, postage prepaid and addressed to:**

Roger Pierre Baylocq
1275 Stardust Street
Reno, NV 89503

I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　　*/s/ Jody Reeves*
　　　　　　　　　　　　　　　　　　　An employee of THE COOPER CASTLE LAW FIRM

- 4 -